
ORIGINAL

FILED

08/22/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0438

STATE OF MONTANA,

Plaintiff, Respondent, and Appellee,

v.

STRAUSIE LEIA HART,

Defendant and Appellant.

FILED

AUG 2 2 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Strausie Leia Hart has filed a verified Petition for an Out-of-Time Appeal, stating that she believes a conflict of interest exists between the presiding District Court Judge and her underlying proceeding in the Justice Court of Lewis and Clark County. Hart states that she did not have the opportunity to respond to the State's motion to dismiss her appeal in the First Judicial District Court, Lewis and Clark County. She includes a copy of the judgment she seeks to appeal, a March 29, 2023 order by which the District Court dismissed Hart's appeal without prejudice and remanded the record to Justice Court.

We secured copies of the register of actions and the pertinent documents from the District Court. On March 28, 2023, the State, through the County Attorney's office, moved the District Court for dismissal on the ground that Hart did not appeal a final judgment of conviction. The State explained that Hart's case went to trial on August 9, 2022. During the course of trial, the court declared a mistrial. Hart moved to dismiss, invoking her right against double jeopardy. The Justice Court denied the motion and rescheduled the trial for May 30, 2023. It vacated that trial after Hart filed her notice of appeal to the District Court. The State argued that there was no final judgment of conviction, rendering Hart's appeal premature. The District Court agreed and dismissed the appeal.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross

miscarriage of justice[.]" Upon review of the available information, we conclude that Hart is not entitled an out-of-time appeal.

This Court has held that "appeals of a double jeopardy issue from a court of limited jurisdiction to a district court are permitted as a 'narrow exception[]' to the general rules governing de novo appeals to the district court." *State v. Burton*, 2017 MT 306, ¶ 19, 389 Mont. 499, 407 P.3d 280 (citation omitted).[1] We held in *Burton*, ¶ 19, that "pre-judgment double jeopardy rulings entered by a court of limited jurisdiction can, *following appeal to the district court*, be brought to this Court only by way of a petition for a writ of supervisory control." It is not clear from Hart's filings whether she sought appeal in the District Court of the double jeopardy ruling or for some other reason. Either way, however, Hart does not have a present right to appeal the District Court's dismissal order.

Hart's option to seek review of a decision on the double jeopardy issue would be to file a petition for writ of supervisory control in this Court. *See Burton*, ¶ 19. For any other issue, "[a]n appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104, MCA. Hart does not have a "final judgment of conviction" because there has been no "adjudication by a court that [Hart] is guilty or not guilty." Section 46-1-202(11), MCA. Because Hart appears to be represented by counsel in the underlying case, we decline to treat her Petition for Out-of-Time appeal as a petition for writ under M. R. App. P. 14(3).

IT IS THEREFORE ORDERED that Hart's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to the First Judicial District Court; to all counsel of record in the District Court proceedings; and to Strausie Leia Hart personally.

---

[1] We note that the Lewis and Clark County Justice Court is a court of record; as such, rather than a de novo appeal, Hart's appeal to District Court "is confined to review of the record and questions of law, subject to the supreme court's rulemaking and supervisory authority." Section 3-10-115(1), MCA.

2

DATED this 22nd day of August, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3